IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF<br>JONNY KLINGVALL,<br><br>               Petitioner,<br><br>     v.<br><br>LAURA NICOLE MORALES,<br><br>               Respondent. | )<br>)<br>)<br>)<br>)   No. 2:06-CV-00047-PPS<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter comes before the court on the petitioner's verified petition for return of child filed on February 10, 2006, and the respondent's answer filed on March 21, 2006. The petitioner appears telephonically by Attorney T. Edward Page. The respondent appears telephonically by Attorney R. Cordell Funk. Upon a review of the pleadings and following discussion with counsel, it is the decision of the court that the verified petition for return of child should be granted without further hearing. Accordingly, the court finds and orders as follows:

1. Linnea Sydney Morales, born on July 18, 2000, is the natural child of petitioner Jonny Klingvall and respondent Laura Morales.

2. Linnea Sydney Morales was born in Katarina Parish, Stockholm, Sweden, and has been a citizen of Sweden since birth. She is also a citizen of the United States of America.

3. Since August 3, 2000, the petitioner and the respondent have been the registered guardians of Linnea Sydney Morales with joint legal and physical custody of her.

1

4. From the date of her birth until her removal from Sweden on August 26, 2005, Linnea Sydney Morales was at all times a resident of Sweden living with her parents at Blekingegatan 15A, 118 56 Stockholm, Sweden.

5. On August 26, 2005, the habitual residence of Linnea Sydney Morales was in Stockholm, Sweden.

6. On August 26, 2005, respondent Laura Morales removed Linnea Sydney Morales from her habitual residence in Stockholm, Sweden and brought her to the Northern District of Indiana.

7. On February 10, 2006, petitioner Jonny Klingvall filed a verified petition for the return of Linnea Sydney Morales to her habitual residence in Sweden in accordance with the provisions of the *The Convention on the Civil Aspects of International Child Abduction*, done at the Hague on October 25, 1980, (the "Convention"), and 42 U.S.C. § 11601 (2004), *et seq.*, the Prevention of Child Abduction Partnership Act, ("PCAPA"), which has also been known as the International Child Abduction Remedies Act ("ICARA").

8. On February 23, 2006, pursuant to the orders of this court, the respondent surrendered her passport and the passport of Linnea Sydney Morales to the court through the United States Marshal. Those passports remain in the safekeeping of the court.

9. On March 1, 2006, the petitioner by counsel and the respondent in person appeared in open court at which time a continuance was granted to the respondent to obtain counsel and to answer the petition for return.

10. On March 21, 2006, counsel entered an appearance for the respondent and filed an answer to the petition for return.

11. The respondent's answer agrees that Linnea Sydney Morales ought to be returned to Sweden under the Convention. The answer does not otherwise state a defense under the Convention

as to why the return should not be accomplished immediately. In her answer and in her arguments to the court, the respondent requests that she be permitted to personally return Linnea Sydney Morales to Sweden at a prearranged time.

12. Laura Morales is ordered to return Linnea Sydney Morales to Stockholm, Sweden, by no later than 5:00 P.M. local time, Saturday, April 15, 2006.

13. Upon presentation to the court of proof that airline tickets have been purchased to accomplish the return as ordered, the passports for Laura Morales and Linnea Sydney Morales will be turned over to Laura Morales to enable the return of Linnea Sydney Morales to Sweden. The passports may not be used for travel to any other country prior to the return to Sweden.

14. All details of Linnea Sydney Morales' travel itinerary to Sweden shall be made known promptly to Jonny Klingvall and his counsel as soon as they are confirmed. Any later changes in the itinerary shall also be communicated to Jonny Klingvall immediately.

15. Upon the arrival of Laura Morales and Linnea Sydney Morales in Stockholm, Sweden, Laura Morales shall immediately take Linnea Sydney Morales to meet with Jonny Klingvall at a place to be agreed upon by the petitioner and the respondent. If the petitioner and the respondent cannot agree upon a location to meet, then the meeting shall take place at the office of Petitioner Klingvall's Swedish legal representative.

16. Beyond ordering the return of Linnea Sydney Morales to her habitual residence in Stockholm, Sweeden, this court finds that it has no jurisdiction to make any decisions regarding the continuing legal and physical custody of Linnea Sydney Morales. Once Linnea Sydney Morales is returned to Stockholm, Sweden, in the manner ordered by this court, the parties are referred to their legal remedies under the laws of Sweden.

17. Once it has been certified to this court that Linnea Sydney Morales has been returned to her habitual residence in Stockholm, Sweden, this case shall be dismissed without further proceedings in this court.

**SO ORDERED.**

ENTERED: March 27, 2006.

S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
